IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRIC OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 09-60060 CIV-ZLOCH/SNOW

INVESTORSHUB.COM, INC.,

v.

MIRO ZECEVIC a/k/a
MIROSLAV ZECEVIC,
MINA MAR GROUP, INC.,
        a Texas Corporation,
MINA MAR GROUP, INC.,
         a Canadian Corporation,
_____/

**DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF LAW**

Comes now, Defendants, **MIRO ZECEVIC a/k/a MIROSLAVE ZECEVIC,  MINA MAR GROUP, INC., a Texas Corporation** and **MINA MAR GROUP, INC., a Canadian corporation**, by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(3), 12(b)(2), 12(b)(6), and 56 hereby move to dismiss Plaintiff's Complaint, summary judgment as to Count II,  and/or the Court hold a limited evidentiary hearing to determine issues of personal and subject matter jurisdiction, and as grounds therefore states:

**I. Subject Matter Jurisdiction**

Pursuant to Rule 8(a), Fed. R. Civ. P., the plaintiff bears the burden of proffering "a short and plain statements of the grounds for the court's jurisdiction." Plaintiff has failed to meet this burden as to the subject-matter jurisdiction of this Court.

**A. Diversity Jurisdiction**

Federal courts have limited subject matter jurisdiction.  Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003).  "[A] federal court is powerless to act beyond its statutory grant of subject matter jurisdiction."  Fitzgerald v. Seaboard Sys. R.R. Inc., 760 F.2d 1249, 1251 (11th Cir. 1985). A federal court "must zealously insure that jurisdiction

exists over a case…" Id.  Subject matter jurisdiction "cannot be waived or otherwise conferred upon the court by the parties.  Otherwise, a party could work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them." University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

Under 28 U.S.C. § 1332, federal courts have subject matter jurisdiction over any matter in which the amount in controversy exceeds the sum or value of $75,000 and is between citizens of different states and in which citizens or subjects of a foreign state are additional parties. 28 U.S.C. § 1332(a)(3).  A plaintiff seeking to invoke diversity jurisdiction must affirmatively allege facts in the Complaint showing that both prongs of § 1332 are satisfied.  Massey v. Congress Life Ins. Co., 116 F.3d 1414, 1418 n. 1 (11th Cir. 1997); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).

Plaintiff alleges that "[t]his court has subject matter jurisdiction over this action" pursuant to Article III, Section 2 of the U.S. Constitution and 28 U.S.C. § 1332 in that the case is founded on a controversy between a citizen of Florida and the Defendants are citizens of other states and Canada." Complaint, ¶ 6.  Plaintiff has failed to allege the requisite amount in controversy necessary to invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Where the Complaint is silent as to the amount in controversy, under the "legal certainty test," the plaintiff must show by a preponderance of the evidence that the amount of the relief sought satisfies the jurisdictional minimum.  Federated Mutual Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003); Brown v. Bodak, 188 F.Supp. 532 (S.D.N.Y. 1960) (Congressional intent in raising jurisdictional amount was to remove from federal courts claims insubstantial in character which contributed to the mounting backlogs in such courts). "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." Federated Mutual Ins., at 807.

It is not evident, from the face of the Complaint, that the Plaintiff's claim will exceed $75,000.00. Applying the "legal certainty test" to the instant case, in Count I of the Complaint, Plaintiff is seeking the following declaratory relief:

(a) That InvestorsHub can rightfully require the Defendants and all of their employees and agents to fully disclose their status as paid promoters of securities and pay the higher fees required of such business users;

(b) That Defendants must cease their wrongful intimidation and harassment of InvestorsHub, its personnel and users;

(c) That Defendants must identify themselves and must fully disclose their relationships with the issuers of the securities Defendants are promoting on the websites of InvestorsHub, and that such disclosure must include the amount of their compensation in compliance with state and federal securities laws; and

(d) That InvestorsHub is not liable to the Mina Mar Defendants or Miro Zecevic for the posts of others under defamation or other tort theory.

With respect to item (a), plaintiff must present evidence showing that the value of the user fees at issue exceed the jurisdictional amount. However, unless Plaintiff is able to quantify how many of the alleged anonymous posters on its site are employees or agents of Defendants, it appears that it will be unable to state with certainty the value of user fees at issue, rendering the amount too speculative to satisfy the amount in controversy requirement. Items (b) and (c) are too speculative and immeasurable to satisfy the requirement. Even if item (d) was granted, this does not show that the Plaintiffs would recover or avoid losing any amount, and any attempts to put a value of the benefit of Item (d) would be pure speculation.

In Count II of the Complaint, Plaintiff requests the following declaratory relief:

(a) That Defendants' activities as alleged herein constitute illegal securities market manipulation; and

(b) That Defendants have no right to demand that InvestorsHub remove critical posts from its website; and

(c) That Defendants must cease and desist from using the InvestorsHub website without properly disclosing their status of securities promoters.

Items (a) and (b) are also too speculative and immeasurable to satisfy the requirement. Item A has no monetary value to Plaintiff, the operator of a website regarding the securities market. The value of Item (c) is a matter of pure speculation absent evidence of how many of Defendants' employees or agents used the InvestorsHub website without disclosing their status.

In Count III of the Complaint, Plaintiff seeks an unspecified amount of damages based upon alleged defamation. Unless Plaintiff is able to present evidence of monetary losses attributable to the report at issue, any potential damages are too speculative and immeasurable to establish the amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

For the foregoing reasons, this Court lacks subject matter jurisdiction over this matter and it must be dismissed.

### B. Federal Question

"The operation of the Declaratory Judgment Act is procedural only." Household Bank v. JFS Group, 320 F.3d 1249, 1253 (11th Cir. 2003). "The party seeking relief under the Declaratory Judgment Act must allege facts establishing an independent basis for a district court's exercise of federal jurisdiction." Clarendon America Insurance Company v. Miami River Club, Inc., 417 F. Supp.2d 1309 (S.D. Fla. 2006), citing Household Bank, supra at 1253. In the Eleventh Circuit, a federal district court has subject-matter jurisdiction over a declaratory judgment action if "a plaintiff's well-pleaded complaint alleges facts demonstrating the defendant could file a coercive action arising under federal law." Household Bank, supra, at 1259.

As discussed, supra, this Court lacks subject matter jurisdiction based upon diversity. The Complaint is also devoid of any facts demonstrating the Defendants could file a coercive action arising under federal law. Accordingly, this court lacks subject-matter jurisdiction over the claims presented in Counts I and II of the Complaint.

### II. Personal Jurisdiction over Nonresident Defendants

In order to establish personal jurisdiction over a nonresident defendant, a two-part inquiry must be satisfied. See Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A. 421 F.3d 1162, 1166 (11th Cir. 2005); Sloss Indus. Corp v. Eurisol, 488 F.3d 922, 925 (11th Cir. 2007) (citing Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996)). First, the exercise of jurisdiction must be proper under the state's long-arm statute. Id. Second, "the court must

4

determine whether there are sufficient minimum contacts with the forum state to satisfy the Due Process Clause of the U.S. Constitution and traditional notions of fair play and substantial justice." Sculptchair, 94 F.3d at 626 (quoting Int'l Shoe co. v. Washington, 326 U.S. 310, 316 (1945)).

The plaintiff bears the burden of establishing a prima facie case of personal jurisdiction. Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1360 (11th Cir. 2006) (citing Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1268-69 (11th Cir. 2002)). The plaintiff establishes a prima facie case if he presents enough evidence to withstand a motion for directed verdict. Id. If the defendant submits affidavits that contradict the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction. Id.

The Court may adjudicate the jurisdictional issue based upon the affidavits if it can harmonize the affidavits. Venetian Salami Company v. J.S. Parthenais, 554 So.2d 499, 502-503 (Fla.1989). However, in those cases where the affidavits contradict, the court must hold a limited evidentiary hearing in order determine the issue of personal jurisdiction. Id. at 503.

**A. Florida's Long-Arm Statute**

Plaintiff has alleged that this Court has personal jurisdiction over the Defendants pursuant to Florida's Long-Arm Statute, § 48.193, Florida Statutes, on the basis that Defendants' alleged tortious and illegal activities have occurred in Florida, have been targeted at businesses and individuals in Florida, and have been orchestrated with the assistance of businesses and individuals residing in Florida. Complaint, ¶ 7.

Florida's Long-Arm Statute reads, in pertinent part:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself, and if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

5

(b) Committing a tortious act within this state. …

Section 48.193(1)(b) of Florida's Long-Arm Statute allows personal jurisdiction over a nonresident defendant who commits a tort outside of Florida that causes injury inside the state. Posner v. Essex Ins. Co., 178 F.3d 1209, 1216 (11th Cir. 1999).   The defendant's physical presence is not required.  Wendt v. Horowitz, 822 So.2d 1252, 1260 (Fla. 2002).  "Telephonic, electronic or written communications into Florida" provide a basis for jurisdiction if the tort arises from the communications and "depend[s] upon the proof of either the existence or the content of any of the communications."  Horizon, 421 F.3d at 1168.

Turning to the instant case, Counts I and II of the Complaint seek declaratory relief and cannot form the basis of jurisdiction under F.S. 48.193(1)(b). Count III of the Complaint is an action for defamation, an intentional tort, against Defendants.  However, any alleged intentional tort or damage has no connection with Florida. Defendants are not residents of Florida and do not conduct business in the state.  There is no indication that the alleged statements at issue were purposefully directed to residents of Florida, only that they were posted on the Internet and might possibly be viewed by any Internet user in the world, including those located in Florida. The alleged statements do not regard Florida

Section 48.193(1)(a) permits personal jurisdiction over a nonresident defendant based upon its business activities in the state or having an office or agency in this state. Defendants neither operate, conduct, engage, or carry on a business venture in Florida nor have an office or agency in the state.  Zecevic Aff. ¶ 1-2.

Plaintiffs have also alleged that Defendant, MINA MAR GROUP, INC., a Canadian corporation ("Mina Mar Canada"), "maintains an office in and conducts substantial operations from Ft. Lauderdale, Florida." Complaint, ¶ 4.  However, Mina Mar Canada neither maintains an office nor conducts substantial operations from Ft. Lauderdale or any other location within Florida.  Zecevic Affidavit, ¶ 5 - 12.

6

**B. Due Process**

If there is jurisdiction under Florida's Long-Arm Statute, the exercise of personal jurisdiction over a nonresident defendant must also comport with the Constitutional requirement of due process. Due process requires that a nonresident must have minimum contacts with the forum so that the maintenance of the suit does not violate "traditional notions of fair play and substantial justice." International Shoe v. Washington, 326 U.S. 310, 316 (1945); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). Foreseeability is critical to due process analysis; "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

In Posner, *supra*, the Eleventh Circuit established a three-part test to determine whether the requirement of minimum contacts has been satisfied. "First, the contacts must be related to the plaintiff's cause of action." Posner, 178 F.3d at 1220. "Second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum…Third, the defendants contacts with the forum must be such that the defendant must reasonably anticipate being hauled into court there." Id. The minimum contacts must be "purposeful" contacts. Id. The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." Burger King, *supra*, at 475. Minor contacts of a nonresident defendant with the forum are insufficient to satisfy this requirement; the contacts must be "continuous and systematic." . Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408 (1984).

Defendants have no contacts in Florida related to the plaintiff's cause of action. Defendants do not conduct activities within the forum. Zecevic Aff. ¶¶ 4 – 12, 14. Defendant, Miro Zecevic, maintains a private mailbox in the State of Florida, but has received one piece of mail there within the past four years. Zecevic Affidavit, ¶ 13. This private mailbox has no connection to Plaintiff's claims; the mail is forwarded to Canada by the private mailbox service.

Moreover, the simple passive maintenance of a post office box does not necessarily equate to "engaging in substantial and not isolated activity within this state, or the equivalent of maintaining a business office within this state from which one is engaged in the transaction of business." City Contract Bus Service, Inc. v. H.E. Woody, 515 So.2d 1354, 1357 (Fla. App. 1 Dist. 1987). None of the Plaintiffs have made purposeful contacts into the state of Florida that would make them reasonably anticipate being hauled into its courts.

## III. Venue

### A. Improper Venue

Venue is governed by 28 USC § 1391 (d) which states that an alien may be sued in any district.  In this case we have an alien, Miro Zecevic and Mina Mar Group, Inc. a Canadian corporation, which are both considered to be alien.  For purposes of venue, an alien corporation or person may be sued in district so long as it is amenable to service of process in that district. Naegler v. Nissan Motor Co., Ltd, 830 F.Supp. 1152 (1993).  Since Miro Zecevic and Mina Mar Canada are Canadian, and indeed, were served with the Plaintiff's Complaint in Toronto, they are not amenable to service of process in Florida.  But we also have a non-alien, Mina Mar Group, Inc., a Texas corporation, who is part of the Defendants in this action.  When an alien and non-alien are joined as defendants, venue for the entire action is proper in any district where it is correct as to the non alien defendant.  28 USC § 1391(d); Japan Gas Lighter Ass'n v. Ronson Corp.. 257 F.Supp. 219 (1966).  Applying this standard to the facts, we see that venue would be proper in Texas, where the non alien corporation is incorporated.  Either way, venue is not proper in Florida.  It is the burden of the plaintiff, once an objection to venue is raised to establish that the district chosen is a proper venue. Naegler at 1157.

### B. *Forum Non Conveniens*

*Forum non conveniens* permits a court discretion to exercise jurisdiction over a matter when a more convenient alternate forum is available.  Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 506-7 (1947).  "The principle of forum non conveniens is simply that a court may resist

imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." Id. at 507. This doctrine is "to be favored" to ensure that federal courts only hear "those cases where contacts with the American forum predominate." Sigalas v. Lido Marine, 776 F.2d 1512, 1519 n. 10 (11th Cir. 1985).

A party seeking dismissal on the basis of *forum non conveniens* must show that (1) an adequate forum is available; and (2) that the private and public interest factors weigh in favor of dismissal. Satz v. McDonnel Douglas Corp., 244 F.3d 1279, 1282 (11th Cir. 2001).

The first prong of the doctrine of *forum non conveniens* is the existence of a viable alternative forum, one that is "adequate and available." Leon v. Million Air, Inc., 251 F.3d 1305, 1311 (11th Cir. 2001). An alternative forum is "available" to the plaintiff when the foreign court can assert jurisdiction over the litigation sought to be transferred. Id. at 1310. An "adequate" forum is capable of providing "some relief for the plaintiffs' claims," even if the substantive law applicable in the alternate forum is less favorable to plaintiffs. Tyco Fire and Sec., LLC v. Alcocer, 218 Fed. Appx. 860, 865 (11th Cir. 2007); Piper Aircraft v. Reyno, 454 U.S. 235, 236 (1981). The forum does not have to be perfect, it need only offer the plaintiff something more than "no remedy at all." Satz v. McDonnel Douglas Corp., 244 F.3d 1279, 1283 (11th Cir. 2001), *citing* Piper Aircraft, 454 U.S. at 255 n. 22.

The second prong of the doctrine is that the private and public interests weigh in favor of disturbing the plaintiff's original choice of forum. The Eleventh Circuit has held that both public and private factors are to be considered. Leon v. Millon Air, 251 F.3d 1305, 1311 (11th Cir. 2001); Satz, *supra*, at 1283-1284.

"Private interest factors" include "access to sources of proof; availability of compulsory process for attendance of the unwilling, and the cost of obtaining willing, witnesses…and all other practical problems that make trial of a case easy, expeditious and inexpensive," as well as the enforceability of any potential judgment. Gulf Oil, *supra*, at 508. The plaintiff may not

choose an inconvenient forum to "vex, harass, or oppress the defendant" by causing unnecessary expense or trouble in the pursuit of a remedy.  Id.

"Public interest factors" include concerns of comity, the administrative burdens of litigation upon the courts and people of the community, and the "appropriateness…in having the trial of a diversity case in a forum that is at home with the state law that must govern the case…" Gulf Oil, supra, at 508 – 509.

Defendant, Zecevic, is a resident of Canada and Defendant, Mina Mar Canada is a Canadian corporation with offices in Canada. Zecevic Aff., ¶ 1 - 2.  While Plaintiff is a Florida corporation, its principal place of business is in Missouri. Zecevic Aff. ¶ 3.  The corporate officers listed in the records of Florida's Department of State all show addresses in Missouri. Id. While the Defendants are not privy to the location of the servers which house Plaintiff's website, the administrative contact listed for the domain name shows an address in London, England. Id. It is unlikely that any sources of proof relevant to Plaintiff's action are located within Florida. Any unwilling witnesses are likely to reside in or near Canada or Missouri. The costs associated with securing the testimony of willing witnesses will be magnified.

The relief requested by Plaintiffs in Count II of the Complaint includes declarations that Plaintiff can require Defendants, their employees and agents to fully disclose their status as paid promoters of securities and pay the higher fee Plaintiff requires for such business users; that Defendants must cease their alleged intimidation and harassment of Plaintiff, its personnel and users; and that the Defendants must identify themselves and fully disclose their relationships with the issuers of the securities Defendants allegedly promote on Plaintiff's website.  These declarations, and any further relief that might foreseeably be requested by Plaintiff, have little meaning in a forum where the Defendants, employees or agents cannot be found.

The Plaintiffs admit that Miro Zecevic and Mina Mar Group, Inc., of Texas and Canada have already filed suit against them in the Superior Court of Justice, Toronto, Canada, Case No.: CV-08-00364413-0000, on October 17, 2008.  That the jurisdictional issue is still pending before

that court.  Thus, when Plaintiffs allege that there is no jurisdiction over them in Canada and ask this court for a remedy, it is premature.  At this point, court proceedings have begun in Toronto, and Plaintiffs have appeared in court there.  The case law on the jurisdictional matter in Canada (*Research in Motion v. Visto Corp. et. al.)* favors the Defendants in this matter.

Based on the above analysis, we conclude that this complaint should be dismissed in accordance with the doctrine of forum non conveniens.

### IV. Standing

An analysis of Plaintiffs' standing must begin with "the most basic doctrinal principles." Article III, § 2 of the Constitution limits the federal judicial power to the resolution of cases or controversies. *Sprint Communications Co. L.P. v. APCC Service Inc.* 128 S. Ct. 2531, 2535 (June 2008); *Davis V. F.E.C,* 128 S. Ct. 2759, 2768 (June 2008).

The case or controversy requirement is satisfied only where a plaintiff has standing. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332 (2006). Standing is the "personal interest that must exist at the commencement of the litigation." Friends of Earth, Inc. v. Laidlaw Environmental Services, Inc. 528 U.S. 167, 189 (2000). The requirement that the plaintiff have standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); see also Arizonans for Official English v. Arizona, 520 U.S. 43, 64 (1997).

To establish standing under Article III, a litigant must meet three requirements.  The first one is to show that he has suffered an injury in fact – an invasion of a legally protected interest which is concrete and particularized, and actual or imminent, not conjectural or hypothetical. Lujan v. Defenders of the Wildlife, 504 U.S. 555, 560-561 (1992).  The second one is that there must be a casual connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Id.    The third requirement is that "it must be likely" as opposed to merely "speculative," that the injury will be "redressed by a favorable

11

decision.*" Id.* These requirements are the 'irreducible minimum' required by the Constitution for a plaintiff to proceed in federal court. Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001), quoting Northeastern Fla. Chapter, Associated General Contractors of America v. City of Jacksonville, 508 U.S. 656,664 (1993).  It is Plaintiff's responsibility to allege facts sufficient to establish their standing, and the Court cannot "speculate concerning the existence of standing, nor should it imagine or piece together an injury sufficient to give plaintiff standing when it has demonstrated none." Miccosukee Tribe of Indians of Florida v. Florida State Athletic Commission, 226 F.3d 1226, 1229-30 (11th Cir. 2000); See also Shotz v. Cates 256 F.3d 1077, 1081 (11th Cir. 2001); Access Now, Inc. v. South Florida Stadium Corp., 161 F. Supp. 2d 1357, 1366 (S.D. Fla. 2001).

The Plaintiff, by their own admission, run a website designed to give information to investors.  They are neither sellers nor buyers of any securities.  When applying SEC rule 10b-5 used by Plaintiffs in their complaint, we see that standing under this rule is limited to actual "purchasers" or "sellers" of securities, as those terms are defined in the Securities Exchange Act of 1934.  Since the Plaintiffs are neither, they lack standing in this matter and this count should be dismissed accordingly.

**WHEREFORE**, we respectfully request this Honorable Court to grant this Motion to Dismiss or in the alternative, to grant Summary Judgment on Count II and/or hold a limited evidentiary hearing on the matter.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on the 15th day of April, 2009, I electronically filed the

foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing

document is being served this day on all counsels of record either via transmission of Notices Of

Electronic filing generated by CM/ECF or in some other authorized manner for those counselor

parties who are not authorized to receive electronically Notices of Electronic Filing.

<div style="margin-left:40%">

Berman & Tsombanakis, L.L.C.
600 S.W. 4th Avenue
Fort Lauderdale, FL 33315
Tels:  (954) 764-6099
       (954) 728-8885
Fax:   (954) 764-1968

**<u>/s/ Regina Tsombanakis, Esq.</u>**
Regina Tsombanakis, Esq.
FL. Bar. No.: 92850
Daniel Berman, Esq.
FL  Bar No.:  164127

</div>