UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60060-CIV-ZLOCH

INVESTORHUB.COM, INC.,

    Plaintiff,

vs.                                **FINAL ORDER OF DISMISSAL**

MIRO ZECEVIC et al.,

    Defendants.
_____/

    THIS MATTER is before the Court sua sponte. The Court has carefully reviewed the entire court file herein and is otherwise fully advised in the premises.

    The Court's jurisdiction in this matter is premised upon diversity jurisdiction, pursuant to 28 U.S.C. § 1332. That Section provides that where a complaint is founded on diversity of citizenship, a federal court may maintain jurisdiction over the action only "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different States." 28 U.S.C. § 1332(a)(1) (2006). The dictates of § 1332 moor federal courts to the jurisdictional limits prescribed by Article III, Section 2 of the Constitution. In Healy v. Ratta, 292 U.S. 263, 270 (1934), Justice Stone noted that "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined." Id.

These limits stem from the fact that federal courts are courts of limited jurisdiction. The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005), citing Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 10 (1799). Therefore, the facts establishing the existence of jurisdiction must be affirmatively alleged in the complaint. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); see 13B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d, § 3602 (1984 & Supp. 2008).

A review of the Complaint (DE 1) reveals that the requisite diversity of citizenship as to Plaintiff and Defendant, is not apparent on its face. The Complaint states, in pertinent part:

> 1. Investorhub.com is a Florida corporation.
>
> 2. Miro Zecevic is a resident of Canada.
>
> 3. Mina Mar Texas is a Texas corporation and maintains an office in and conducts substantial operations from Ft. Lauderdale, Florida.
>
> 4. Mina Mar Canada is a Canadian provincial corporation and maintains an office in and conducts substantial operations from Ft. Lauderdale, Florida.
> antation, Florida.

DE 1, p. 1.

The Complaint fails to properly allege the Parties' citizenship for the Court to determine whether it has jurisdiction over the above-styled cause. First, residency is not the equivalent

2

of citizenship for diversity purposes. See 13B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3611 (2d ed. 1984 & Supp. 2008). Second, Section 1332 specifically prescribes the allegations sufficient to establish a corporate party's citizenship.  It states: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). Whatever word choice Plaintiff may have desired to use to convey the fact that this case is properly in federal court, the words chosen fail in that regard:"substantial operations" is fairly close to "principal place of business" but it is not the term Congress chose to use; unfortunately, close does not cut it in federal court. Indeed, the terms "citizenship" and "principal place of business" serve as verbal keys, fashioned by Congress, to unlock the door of this Court's jurisdiction.  The Complaint's failure to establish the diversity requirements necessary for this Court to exercise jurisdiction means that this case must be dismissed.

This case is easily distinguishable from the case of a Defendant who removes an action from state court on the basis of diversity jurisdiction, and the notice of removal fails to set forth the Court's jurisdiction properly.  In those instances, the Eleventh Circuit has held that such pleading requirements are procedural and not jurisdictionally significant and that the removing party must have an opportunity to cure the defect. Corp.

Management Advisors, Inc. V. Artjen Complexus, ___ F.3d ___, 2009 WL 606455 *2 (11th Cir. March 11, 2009).  The interplay of the removal rules in 28 U.S.C. §§ 1441, 1447 and their nuanced distinctions on the limits of and procedures for removal permit such a conclusion.

The same cannot be said of § 1332.  It is as straightforward as can be and is grounded in Article III of the Constitution.  No Court has read into the Constitution or § 1332 a procedural mechanism for establishing diversity jurisdiction. Appleton, 30 F.3d at 1367 (noting with approval, the district court's refusal to exercise jurisdiction over a case where diversity was not properly pled).  It would, to say the least, be a judicially crafted rule, one that could not be reconciled with the long and established tradition of federal courts being courts of limited jurisdiction. See id.

In dismissing the above-styled cause due to Plaintiff's failure to satisfy the requirements of federal jurisdiction, the Court echos the recently stated sentiment of the United States Court of Appeals for the Seventh Circuit:

> Are we being fusspots and nitpickers in trying (so far with limited success) to enforce rules designed to ensure that federal courts do not exceed the limits that the Constitution and federal statutes impose on their jurisdiction?  Does it really matter if federal courts decide on the merits cases that they are not actually authorized to decide?  The sky will not fall if federal courts occasionally stray outside the proper bounds.  But the fact that limits on subject-matter jurisdiction are not waivable or forfeitable - that federal courts are

4

>      required to police their jurisdiction - imposes a duty of
>      care that we are not at liberty to shirk.  And since we
>      are not investigative bodies, we need and must assure
>      compliance with procedures designed to compel parties to
>      federal litigation to assist us in keeping within bounds.
>      Hence [it is] . . . the responsibility of lawyers who
>      practice in the federal courts, even if only
>      occasionally, to familiarize themselves with the
>      principles of federal jurisdiction.

Smoot v. Mazda Motors of Am., Inc., 469 F.3d 675, 678 (7th Cir. 2006).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1.  The above-styled cause be and the same is hereby **DISMISSED** without prejudice in that the Court lacks subject matter jurisdiction over the same; and

2.  To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___28th___ day of April, 2009.

  _____
  WILLIAM J. ZLOCH
  United States District Judge

Copies furnished:

All Counsel of Record

5